UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CLIFTON TERRON LEE,

    Petitioner,

            Case No. 1:19-cv-595

v.

            Honorable Robert J. Jonker

JOHN DAVIDS,

    Respondent.
_____/

# OPINION

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I. <u>Factual allegations</u>

Petitioner Clifton Terron Lee is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of assault with intent to commit murder (AWIM), Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. On September 8, 2016, the court sentenced Petitioner as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to a prison term of 35 to 70 years on the AWIM conviction, to be served consecutively to a 2-year prison term on the felony-firearm conviction.

On July 17, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on July 17, 2019. (Pet., ECF No. 1, PageID.16.)

The petition raises six grounds for relief, as follows:

I. REMOVAL FROM THE TRIAL DURING VOIR DIRE REGARDING [PETITIONER'S] MINOR COMMENTS, NO WARNING BY JUDGE AND DEPRIVATION OF THE RIGHT TO COUNSEL REQUIRE A NEW TRIAL.

II. IMPERMISSIBLE ARGUMENT DISGUISED AS EVIDENCE DEPRIVED [PETITIONER] OF A FUNDAMENTALLY FAIR TRIAL AND DUE PROCESS OF LAW.

III. PROBATION OFFICER HEARSAY TESTIMONY AFFIRMING COMPLAINANT'S STORY REQUIRES A NEW TRIAL.

IV. INEFFECTIVE OF CONSTITUTION [SIC] AND INEFFECTIVE ASSISTANCE OF COUNSEL.

> V. [PETITIONER] WAS DENIED HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL WHERE THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE PROSECUTION TO IMPROPERLY INTERJECT CRITICAL CASE-SPECIFIC FACTS ABOUT THE CASE TO FORM ITS QUESTIONS DURING VOIR DIRE; AND APPOINTED COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT.
>
> VI. [PETITIONER'S] RIGHT TO DUE PROCESS WAS VIOLATED WHERE THE RECORD CLEARLY REVEALS THAT THE TRIAL COURT NEVER CONDUCTED AN ARRAIGNMENT AFTER THE PRELIMINARY EXAMINATION; AND COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT.

(Pet., ECF No. 1, PageID.4, 6-7, 9, 11-12.)

Petitioner appealed his convictions to the Michigan Court of Appeals. In the brief filed by counsel, Petitioner raised the issues presented in habeas grounds I through IV. In a pro per supplemental brief, Petitioner raised the issues presented in habeas grounds V and VI. The Michigan Court of Appeals, in a 19-page unpublished opinion issued on January 16, 2018, denied all claims for lack of merit or harmless error and affirmed Petitioner's convictions.

Petitioner sought leave to appeal to the Michigan Supreme Court, apparently raising the same six grounds for relief. The supreme court denied leave to appeal on July 27, 2018.

Contemporaneously with the filing of his habeas petition and brief in support, Petitioner has filed a motion to stay the proceedings and hold them in abeyance (ECF No. 4) while he exhausts additional claims in the Michigan courts by way of a motion for relief from judgment. Petitioner describes the claims he intends to raise as follows: "(1) New facts that wasn't [sic] presented at trial and (2) Ineffective Assistance of trial and Appellate counsel . . . ." (*Id.*, PageID.112.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he has properly exhausted the six grounds raised in his petition. He acknowledges, however, that he has not exhausted the new claims he intends to present in his state-court motion for relief from judgment.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1).

4

Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his unexhausted claims, Petitioner must file a motion for relief from judgment in the Kent County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner intends to raise some habeas claims that are exhausted and some that are not, his petition, as he wishes to amend it, is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin*

5

*v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). Petitioner expressly requests that this Court stay his petition and hold it in abeyance while he exhausts his previously unexhausted claims.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 27, 2018. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 25, 2018. Accordingly, absent tolling, Petitioner would have one year, until October 25, 2019, in which to file his habeas petition. Petitioner filed the instant petition on July 17, 2019, 100 days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1]

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and Petitioner's motion for stay and abeyance (ECF No. 4) will be denied. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate);

---

is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

*Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner

8

should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

The Court will enter an order and judgment consistent with this opinion.

Dated:   August 7, 2019                                          /s/ Robert J. Jonker
                                                                        Robert J. Jonker
                                                                        Chief United States District Judge